UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOSEPH WETHINGTON,            )
                             )
        Plaintiff,           )
                             )
v.                           )       No. 3:24-CV-00222-JRG-JEM
                             )
MIKE PARIS, STACY OAKES, SHAWN )
PHILLIPS, MORGAN COUNTY      )
PRISON, and SUSAN O'CONNOR,  )
                             )
        Defendants.          )

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Tennessee Department of Correction inmate housed in the Northeast Correctional Complex ("NECX"), filed a pro se complaint for violation of § 1983 arising out of incidents during his confinement [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 2], and his prisoner trust account statement [Doc. 3]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] before screening the complaint [Doc. 1].

I.    **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 2] and prisoner trust account statement [Doc. 3] that Plaintiff cannot pay the filing fee in one lump sum, this motion [Doc. 2] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-

month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II.    COMPLAINT SCREENING

### A.    Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However,

2

courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### B.    Allegations

Plaintiff told Defendant O'Connor to take him off his Zoloft, but she refused to do so [Doc. 1 at 3]. However, she took him off his sleeping medications and unspecified medications for "seeing [and] hearing things that [are] not there" [Doc. 1 at 3–4]. She also changed the time that he took other mental health medications to noon [*Id.* at 4].

Two days later, Plaintiff took his medications at noon before taking a shower [*Id.*]. During his shower, Plaintiff got dizzy, tried to grab the shower divider, and fell in a way that injured his shoulder and hand [*Id.*]. The next day, Plaintiff saw a nurse, and medical staff put him on medicine and said they would refer him to the doctor [*Id.*]. On that same day, Plaintiff saw Defendant Former Warden Parris and told him what had happened [*Id.*]. The next day, Plaintiff saw the doctor [*Id.*]. Three days later, he got an x-ray and medical providers told him he had a small acromioclavicular ("AC") ligament separation [*Id.*]. Plaintiff "went to the triangle" a few months later and was not fully healed, so he placed another sick call [*Id.*]. Unspecified medical staff did another x-ray, told him the same thing he had heard previously, and put him in a sling for six more weeks [*Id.*].

But Plaintiff saw another doctor a couple months later who "told [him] the truth," which is that he has a stage 2 AC injury and a torn rotator cuff [*Id.*]. Accordingly, the next month, prison officials sent him to the special needs facility for a week on two separate occasions [*Id.*]. Plaintiff saw Director Denmark after his second return from the special needs facility and told her what had

3

happened, at which point prison officials again sent him to the special needs facility for two weeks to get an MRI [*Id.*]. But unspecified people want to give Plaintiff therapy instead of fixing his shoulder and do not want to give him anything for pain [*Id.*].

Plaintiff has sued Former Warden Mike Parris, Associate Warden of Treatment Stacy Oaks, Warden Shawn Phillips, and Former Morgan County Physician Susan O'Connor [*Id.* at 3]. As relief, Plaintiff requests that the Court "release [him] from prison with [his] charges dropped," and to file a lawsuit against Defendants Parris, Phillips, and Oaks "for not wanting to help when [Plaintiff] hurt [him]self [ten] months ago" [*Id.* at 5].

### C. Analysis

For the reasons set forth below, the complaint fails to state a claim upon which relief may be granted under § 1983.

#### 1. Defendants Oaks, Phillips, and Paris

First, in his complaint, Plaintiff makes no factual allegations about Defendants Oaks and Phillips, and states only that he told Defendant Paris about his fall. But Plaintiff does not provide facts from which the Court can plausibly infer that these Defendants were personally involved in any violation of his rights, such that they could be liable for any of his allegations under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim). And these Defendants cannot be liable under § 1983 for the acts of others solely based on their positions of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Moreover, while Plaintiff alleges that he told Defendant Paris about his fall and states that he seeks to hold Defendants Oaks, Phillips, and

4

Paris liable "for not wanting to help" him after that fall, Plaintiff cannot hold any supervisory Defendant constitutionally liable for a "failure to act" after an incident, even if they have knowledge of it. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that failure to respond to or remedy a  grievance was insufficient to impose liability on supervisory personnel under § 1983).

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 as to these Defendants, and they will be **DISMISSED**.

### 2. Defendant O'Connor

Plaintiff's only allegations against Defendant O'Connor are that this Defendant (1) refused to take him off Zoloft, (2) took him off his sleeping medications and unspecified medications for seeing and hearing things that are not there, and (3) changed the time that he took his other mental health medications to noon [*Id.* at 3–4]. The Court liberally construes these allegations to seek to hold Defendant O'Connor liable under Eighth Amendment.

A prison authority's deliberate indifference to a prisoner's serious medical need violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). Prison officials may be deliberately indifferent "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Id.* at 104–5. A medical provider violates the Eighth Amendment through actions that are "sufficiently harmful to evidence deliberate indifference to [the prisoner's] serious medical needs." *Id.* at 106. Deliberate indifference is equivalent to "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 839. Thus, a defendant is not liable under § 1983 unless he (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 847.

The fact that a prisoner did not receive the medical treatment he wanted does not violate the Eighth Amendment. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (holding that "[a] patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983"). Thus, where a prisoner receives medical care, his disagreement with the adequacy of that medical care does not rise to the level of a constitutional violation. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1996) (noting that "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"). But medical care that is "so woefully inadequate as to amount to no treatment at all" violates the Eighth Amendment. *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2001).

Plaintiff's allegations regarding Defendant O'Connor do not allow the Court to plausibly infer that she violated his Eighth Amendment rights. Nothing in the complaint suggests that Defendant O'Connor knew that her decisions to take Plaintiff off certain medications and change the time at which he took certain medications posed any risk of harm to him. And Plaintiff's disagreement with Defendant O'Connor's decision not to take him off Zoloft does not allege a constitutional violation. In short, Plaintiff questions the adequacy of the medical treatment Defendant O'Connor provided him but does not provide any facts from which the Court can plausibly infer that this medical treatment was so inadequate that it could rise to the level of a constitutional violation.

As such, Plaintiff's complaint also fails state a claim upon which relief may be granted under § 1983 as to Defendant Conner, and she will be **DISMISSED**.

III.    **CONCLUSION**

For the reasons set forth above:

6

1.      Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2.      Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.      The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.      The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5.      Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6.      Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7.      The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

So ordered.

ENTER:


                s/J. RONNIE GREER
_____
              UNITED STATES DISTRICT JUDGE

7